370 So.2d 1174 (1979)
GOOD SAMARITAN HOSPITAL ASSOCIATION, INC., Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
ST. MARY'S HOSPITAL, INC., Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
A. A. MIRANDA, M.D., Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
Thomas F. HENNESSEY, Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
Elwood D. BRACEY, M.D., Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
John F. PAULY, M.D., Petitioner,
v.
Joseph Harris SIMON, M.D., Respondent.
Nos. 78-1449, 78-1770 to 78-1774.
District Court of Appeal of Florida, Fourth District.
February 14, 1979.
*1175 Roy R. Watson of Adams, Coogler, Watson & Smith, West Palm Beach, for petitioner Good Samaritan Hospital, Inc.
J. Timothy Sheehan of Gibson, Gibson & Sheehan, P.A., West Palm Beach, for petitioner St. Mary's Hospital.
L. Martin Flanigan of Jones, Paine & Foster, P.A., West Palm Beach, for petitioner A.A. Miranda, M.D.
Basil E. Dalack and Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for petitioner Thomas F. Hennessey.
Ralph B. Paxton of Paxton, Stiles, Crow, Taplin & Bragg, West Palm Beach, for petitioners John F. Pauly, M.D. and Elwood D. Bracey, M.D.
Richard A. Sprague of Lewis & Kramer, Philadelphia, Pa., Stephen Cahen, Miami, and Henry Tasker, Palm Beach, for respondent.
ANSTEAD, Judge.
In these consolidated proceedings the petitioners are claiming that the trial court has improperly ordered them to allow discovery by the respondent as to the proceedings of a medical review committee. The petitioners claim that discovery of such proceedings is barred by virtue of Section 768.40(4), Florida Statutes (1977).
The respondent physician brought a defamation action against the petitioners alleging that the petitioners acted individually and through certain hospital committees to prevent respondent's admission to the staffs of St. Mary's and Good Samaritan Hospitals. The respondent alleged that the petitioners published false and defamatory matters about the respondent during the course of the meetings of the various medical committees involved and that the petitioners acted with malice in doing so.
Section 768.40(2) grants immunity to members of certain medical review committees from actions by physicians and other health care providers, arising out of the committee proceedings, so long as the committee member does not act with malice or fraud.[1] Section 768.40(4) appears to bar *1176 discovery of any committee proceedings or records "in any civil action" against a health care provider. The trial court concluded that the "malice or fraud" exception contained in Section 768.40(2) also applied to Section 768.40(4), and hence discovery was not barred in actions where there was no immunity by reason of the existence of malice or fraud. The petitioners contend that Section 768.40(4) should be construed without reference to 768.40(2) and hence bar discovery "in any civil action" including this one. We agree with the trial court.
Enactments of the legislature should not be construed in such a fashion that a totally irrational result is reached. Austin v. State ex rel. Christian, 310 So.2d 289 (Fla. 1975); State Farm Mutual Auto Ins. Co. v. O'Kelley, 349 So.2d 717 (Fla. 1st DCA 1977). Here, the legislature clearly intended to allow actions such as that filed by respondent. The gist of this action is that the petitioners maliciously defamed the respondent during the course of the committee proceedings. But, if we accept petitioners' construction of Section 768.40(4), no one would be allowed to ever disclose what took place during the course of the committee proceedings. In other words, the legislature would have authorized the action by one subsection, 768.40(2), and, in effect, barred the same action by not allowing disclosure of the defamation, by another subsection, 768.40(4). We do not believe the legislature intended such an irrational result. Rather, we conclude that this is an appropriate case for construing the provisions of Sections 768.40(2) and 768.40(4) together in order to arrive at a proper interpretation. 30 Fla.Jur., Statutes, § 114.
Clearly, one of the broad purposes of Section 768.40 was to establish a high quality of health care in Florida by encouraging the formation of medical review committees to monitor the performance of physicians and other health care providers. However, the legislature no doubt thought that such committees could not function effectively if their proceedings would be subject to complete public disclosure.
Thus, the legislature could have felt that a medical society committee examining the alleged negligence of a physician, may be inhibited in its proceedings if the participants were aware that anything disclosed at the meeting could be used to prove a case against the physician in a civil action for malpractice. Hence, the legislature, in Section 768.40(4), prohibited discovery of the proceedings and records of the committee. Our decision does no harm to that legislative determination. We would also note that this bar to discovery does not, by operation, effectively bar a cause of action for malpractice since evidence of malpractice is otherwise obtainable.
The legislature has also apparently recognized that committee members may be inhibited from action by the threat of a lawsuit by a physician whose conduct is the subject of committee proceedings. But here, certain policy considerations influenced the legislature to grant a limited immunity, not including actions involving malice or fraud. Our decision today is consistent with the expressed intent of the legislature to provide meaningful access to the courts for those asserting a cause of action outside this limited immunity. To do otherwise would raise serious constitutional issues.
While we recognize that Section 768.40 does bar discovery in virtually all actions "arising out of the matters which are the subject of evaluation and review by such committee" we conclude that it does not bar discovery in those actions authorized by the "malice and fraud" exception to immunity granted in Section 768.40(2). Accordingly, the petitions for writ of certiorari are denied.
MOORE and BERANEK, JJ., concur.
NOTES
[1] While the case at hand involves an apparent conflict in purpose and result between the provisions of subsections (2) and (4) of Section 768.40, we also note that the language of subsection (3) is somewhat confusing insofar as its effect on the immunity granted by subsection (2). Subsection (3) provides:

This section shall not be construed to confer immunity from liability on any professional society or hospital or upon any health professional while performing services other than as a member of a medical review committee. In any case in which, but for the enactment of the preceding provisions of this section, a cause of action would arise against a hospital, professional society, or an individual health professional, such cause of action shall exist as if the preceding provisions had not been enacted.