380 So.2d 1049 (1979)
Myron I. SEGAL, M.D., Milton P. Caster, M.D., and Surgical Associates, P.A., Petitioners,
v.
Della ROBERTS and William Roberts, Her Husband, Respondents.
Nos. 79-388, 79-488.
District Court of Appeal of Florida, Fourth District.
October 31, 1979.
Rehearing Denied February 19, 1980.
*1050 Harvey J. Garod, of Reasbeck & Fegers, P.A., Hollywood, for petitioners/respondents-Della Roberts and William Roberts.
Todd A. Cowart and James C. Blecke, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondents/petitioners-Segal, Caster and Surgical Associates.
DOWNEY, Chief Judge.
In these consolidated petitions for common law certiorari the petitioners, Segal, Caster, Surgical Associates, P.A. and South Broward Hospital District, d/b/a Hollywood Memorial Hospital, seek review of an order of the trial court allowing discovery of certain records which petitioners contend are privileged.
It appears that respondents, Della Roberts and William Roberts, sued Segal, Caster and Surgical Associates, P.A., for medical malpractice arising out of a surgical operation performed upon Della Roberts at Golden Isles in August 1970. During the course of the litigation respondents served upon the medical staff secretary of Hollywood Memorial Hospital a notice to take her deposition and a subpoena duces tecum which directed that she produce the following documents at the deposition:
1. The personal file regarding Myron I. Segal, M.D.
2. The records, minutes, reports, resolutions, findings, investigations of the SURGICAL/CLINICAL COMMITTEE from the years 1967 through 1972 as related in any way to Myron I. Segal, M.D., Milton P. Caster, M.D. and Surgical Associates, P.A.
3. Reports, findings and orders or any other document in the file of any Ad Hoc Committee created by the staff of the administration of Hollywood Memorial Hospital to investigate the conduct and activity of Myron I. Segal, M.D., during the course of his staff privileges at Hollywood Memorial Hospital.
4. All orders, reports or findings of any committee, board or staff division of Hollywood Memorial Hospital regarding the conduct, skill and ability of Myron I. Segal, M.D., as a thoracic or general surgeon.
5. All correspondence between Hollywood Memorial and Myron I. Segal, M.D.
6. The personal file of Hollywood Memorial Hospital regarding Milton P. Caster, M.D.
A further subpoena required the secretary to also produce:
[T]he entire file of Ad Hoc Committee appointed by the hospital administration or the medical staff of Memorial Hospital, Hollywood, Florida for the purpose of investigating the conduct, skill and standards of Myron I. Segal, M.D.
The doctors and the Hospital filed motions to quash the taking of the deposition and a motion for a protective order. The trial court denied said motions, holding that neither Section 768.40, Florida Statutes (1977), nor public policy precluded discovery of the documents and records in question. Thus, the court essentially directed the witness to *1051 produce the documents at the deposition and gave respondents the right to copy said documents "except those as to which an objection is raised at the time of deposition as to relevancy or materiality." As to those documents the court held respondents could view but not copy them and directed they be sealed and submitted to the court for an in camera inspection. Also, the court directed the depositions were to be sealed and not filed or opened without further order of the court. These petitions for certiorari are directed to that order.
Certiorari is the proper remedy for review of this discovery order since, if the documents in question are privileged, the order would constitute a departure from the essential requirements of law and a plenary appeal would not preclude irreparable injury. West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975); Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (Fla. 1st DCA 1968).
The doctors and the hospital contend that the trial court departed from the essential requirements of law because the documentation subpoenaed was privileged as a matter of public policy, and some of it was also made privileged by Section 768.40, Florida Statutes (1977).
Turning first to the applicability of Section 768.40, Florida Statutes (1977), to the documents subpoenaed the purpose and intent of this statute was fully plumbed by this Court in the recent case of Good Samaritan Hospital Association, Inc. v. Simon, 370 So.2d 1174 (Fla. 4th DCA 1979). There, the Court opined that:
[T]he legislature could have felt that a medical society committee examining the alleged negligence of a physician, may be inhibited in its proceedings if the participants were aware that anything disclosed at the meeting could be used to prove a case against the physician in a civil action for malpractice. Hence, the legislature, in Section 768.40(4), prohibited discovery of the proceedings and records of the committee.
Respondents, Roberts, assert that all four subsections of Section 768.40 must be read together and in that context the discovery privilege contained in subsection (4) thereof only applies to proceedings brought by providers of health services against medical review committees.
We reject this argument because in our opinion subsection (4) makes all "proceedings and records of committees as described in the preceding subsection" privileged "in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee... ." We take that to mean that no proceedings or records of any medical review committee (which qualify under subsection (1)) arising out of matters which are the subject of evaluation and review by such committee may be discovered or used in evidence in any civil action.
Respondents, Roberts, next contend even if Section 768.40, Florida Statutes (1977), is applicable to suits by patients, it is not applicable to the instant suit because of the peculiar wording of subsection (4) thereof. Respondents point out that subsection (4) does not limit discovery unless the cause of action asserted in the complaint arose out of matters which were the subject of evaluation by the Committee. We agree with this interpretation.
It must be remembered that the cause of action involved in this case is the alleged malpractice of the petitioners Dr. Segal, Dr. Caster, and Surgical Associates, P.A., in caring for Mrs. Roberts during her confinement in Golden Isles Hospital in August 1970. Yet the documentation sought by respondents has to do with records and evaluations made by committees in Hollywood Memorial Hospital during various periods from 1967 through 1972. Obviously, those proceedings and records would not be the subject of evaluation and review of medical treatment which took place in another hospital at another time.
We recognize the legislative purpose described in Simon, supra, to make privileged the proceedings and records of medical review committees so that they will be free *1052 and uninhibited in their proceedings thus facilitating candor and conscientious evaluation which will promote high quality medical and hospital care. However, stripped of unnecessary terminology (for purpose of this analysis) subsection (4) provides that "[t]he proceedings and records of committees ... shall not be subject to discovery ... in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such committee." Paraphrased, where the circumstances giving rise to the suit were the very ones considered in the committee evaluation, the documents and transcribed proceedings of the said committee hearings are precluded from discovery. But if the subject matter of the suit and the subject of the medical review committee evaluation are not the same, the statute does not apply. Thus, it is our conclusion that the trial judge was correct in holding the statute does not preclude discovery of the subpoenaed documentation in this case.
Although the statute is not applicable in this case, we nevertheless hold, as did the Third District in Dade County Medical Association v. Hlis, 372 So.2d 117 (Fla. DCA 1979), that many of the matters sought here are not subject to discovery as a matter of public policy. The arguments in favor of confidentiality of the records and proceedings of a medical review committee are so compelling that discovery should be allowed only in the most necessitous circumstances. We cite with approval the opinion by Judge Alan Schwartz in the Dade County Medical Association case, supra, for an apt analysis of this point.
Accordingly, the petitions for certiorari are granted and that part of the order which requires the production of items 2, 3 and 4 and the entire file of the Ad Hoc Committee called for in the subpoenas duces tecum is quashed.
ANSTEAD and LETTS, JJ., concur.