412 So.2d 894 (1982)
John GADD, As Chief Executive Officer of Lee Memorial Hospital, Appellant/Cross-Appellee,
v.
NEWS-PRESS PUBLISHING COMPANY, INC., d/b/a Fort Myers News-Press, Appellee/Cross-Appellant.
No. 81-1430.
District Court of Appeal of Florida, Second District.
March 24, 1982.
Rehearing Denied April 20, 1982.
*895 Gerald W. Pierce and James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant/cross-appellee.
Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for appellee/cross-appellant.
Joel T. Strawn of MacMillan, Newett, Adams, Strawn, Stanley & Botos, Delray Beach, for amicus curiae, Florida Hospital Ass'n, Inc.
CAMPBELL, Judge.
Appellant John Gadd, as chief executive officer of Lee Memorial Hospital, appeals from a final order of the trial court which granted a writ of mandamus requiring him to permit inspection by appellee News-Press Publishing Company of personnel or "personal" files of present and past medical staff physicians of the hospital.
News-Press cross-appeals the trial court's denial of access to the minutes and other documents pertaining to activities of the Utilization Review Committee of the hospital. It is conceded that the hospital is a public agency subject to chapter 119, Florida Statutes, the Public Records Law. We also conclude that the records sought by News-Press are public records as contemplated by chapter 119 and broadly defined in Shevin v. Byron, Harless, Schaffer, Reid & Associates, Inc., 379 So.2d 633 (Fla. 1980). The question for our determination is whether the records which News-Press sought to inspect are provided by law to be exempt or confidential and therefore not subject to inspection or review.
The hospital argues that a combination of section 768.40(4), Florida Statutes (1979), and public policy afford a confidentiality and therefore an exemption from inspection of the personnel records of its staff physicians. Public policy considerations, aside from statutory or constitutional rights, can no longer be urged as an exemption to the Public Records Law. Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979); Douglas v. Michel, 410 So.2d 936 (Fla. 5th DCA 1982); State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla.4th DCA 1977), cert. denied, 360 So.2d 1247 (Fla. 1978). Further, by holding that exemptions must find expression in statutes and not emanate from public policy, the supreme court in Wait dispenses with the hospital's argument that section 768.40(4) must be interpreted to afford an exemption to chapter 119. Chapter 768 is the Negligence chapter of Florida Statutes.[1] Section 768.40(2) does not mention "confidentiality" or exemption from chapter 119, but deals solely with discovery and evidentiary matters arising in civil actions against providers of professional health services. We are prohibited by the holding and reasoning of Wait from enlarging that statute by interpretation to provide an exemption from chapter 119. The hospital cites a number of cases which hold or imply that section 768.40(4) affords a privilege from disclosure of the matters enumerated in that section as a matter of public policy. Segal v. Roberts, 380 So.2d 1049 (Fla.4th DCA 1980); Dade County *896 Medical Association v. Hlis, 372 So.2d 117 (Fla.3d DCA 1979); Good Samaritan Hospital Association, Inc. v. Simon, 370 So.2d 1174 (Fla.4th DCA 1979). Those cases dealt with personal injury, malpractice or defamation actions specifically covered by section 768.40(4), and we reject their application to a case arising under the Public Records Act. We, therefore, affirm the writ of mandamus as to the personnel records of the hospital's medical staff.
In its cross-appeal, News-Press urges that the trial court erred in finding that chapter 395, Florida Statutes (1979), provides for an exception under chapter 119 in regard to the minutes and records of the hospital's Utilization Review Committee. The same reasoning that causes us to affirm the writ of mandamus directed to the personnel records of the medical staff causes us to agree with News-Press and reverse the trial court on this point. Chapter 395 pertains to "Hospital Licensing and Regulation." Section 395.0653(3) specifically provides that the standards and procedures used by a hospital and its medical staff in considering and acting upon applications for staff membership or professional privileges shall be available for public inspection. Nevertheless, the hospital argues that section 395.065 provides an exemption for the records of the Utilization Review Committee. The language relied on in that section simply states that the procedures for the exercise of disciplinary powers by the medical staff of any hospital shall comply with the standards "outlined by the Joint Commission of Accreditation of Hospitals and the Principles of Participation in the Federal Health Insurance Program for the Aged" (JCAH). The hospital argues that the quoted language affords confidentiality under chapter 119 because the Joint Commission of Accreditation of Hospitals (JCAH) interprets its standards referred to in section 395.065 to require confidentiality. We cannot make such a bold leap as would cross the chasm between the language in section 395.065 and the requirement of section 119.07(3)(a), as interpreted by Wait v. Florida Power & Light and State ex rel. Veale v. City of Boca Raton, that any exemption or confidentiality must be "provided by law." Simply requiring compliance with the standards of the JCAH, in our opinion, does not create an exemption or confidentiality "provided by law."
We recognize that the public nature of these records may create hardships in securing adequate information to achieve prompt and thorough accreditation and may cause a lessening of the candor needed from fellow staff physicians when disciplining or granting professional privileges to other physicians. The supreme court in News-Press Publishing Co. v. Wisher, 345 So.2d 646, 647-48 (Fla. 1977), quashed this court's decision in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla.2d DCA 1975), saying:
It was unnecessary for the court to concern itself with these difficult matters, however, since the document originally sought by petitioner was not provided by a private source who had been promised confidentiality. The document was authored by a public body acting in an open public meeting. To be sure the document may have been embarrassing to the employee, but not for the policy reasons which concerned the district court, such as those which suggest a need for confidentiality of health records, psychiatric records, or the records of past indiscretions.
Contrary to that statement, it may well be that information contained in the records of the Utilization Review Committee came from sources who had expected or been promised confidentiality. Nevertheless, we are bound by the decision of the legislature. As expressed by the supreme court in Wait, if this type of record is to be afforded an exemption or confidentiality, regardless of expectations or promises of confidentiality to those furnishing information, "it is up to the legislature... . Courts deal with the construction and constitutionality of legislative determinations, not with their wisdom. In this case, we are confined to a determination of the legislature's intent." Wait v. Florida Power & Light, 372 So.2d at 424.
*897 The solution for the hospital is simple. It and others like it need only to persuade the legislature to add section 768.40 to the short list of statutes provided by section 119.07(3)(b) to be exempt from public inspection.
AFFIRMED IN PART and REVERSED IN PART and REMANDED for treatment consistent herewith.
BOARDMAN, A.C.J., and RYDER, J., concur.
NOTES
[1] Part II is titled "Medical Malpractice and Related Matters." Section 768.40 is the lead section of Part II and is titled "Medical review committee, immunity from liability."