418 So.2d 1228 (1982)
Virginia SAGAERT, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY UNEMPLOYMENT APPEALS COMMISSION, Appellees.
No. 82-136.
District Court of Appeal of Florida, Third District.
September 7, 1982.
*1229 Virginia Sagaert, in pro. per.
James R. Parks and Norman A. Blessing, Tallahassee, for appellees.
Before NESBITT, DANIEL S. PEARSON, and JORGENSON, JJ.
NESBITT, Judge.
This is an appeal by a claimant from an order requiring her to repay to the Division of Employment Security (Division), unemployment compensation benefits that were paid to her mistakenly, but not as the result of any fraud on her part.
The facts are simple and undisputed. Initially, the claimant sought and obtained unemployment compensation benefits during a specified period of time. Subsequently, she reopened that claim seeking additional benefits. In that proceeding, it was determined that she had not originally been entitled to receive a substantial amount of the unemployment compensation benefits already paid, due to the fact that she had voluntarily left her last employment without good cause attributable to her employer. § 443.06(1), Fla. Stat. (1979). Consequently, the claimant was disqualified from receiving compensation benefits retroactive to the date of her retirement. The claimant did not appeal the redetermination.
Some two months after this determination of disqualification, the Division issued another notice ordering the claimant to *1230 make reimbursement in the amount of the compensation benefits that she had been overpaid. § 443.151(6)(b), Fla. Stat. (Supp. 1980). The claimant appealed this determination to an appeals referee. The referee found that he had no jurisdiction to decide the issue of whether the compensation benefits should have been paid or not, since no appeal had been taken from the disqualification determination within the twenty-day period provided for in Section 443.151(4), Florida Statutes (Supp. 1980). In the face of uncontradicted evidence that $841 in compensation benefits had been paid to the claimant since the disqualification date, the referee sustained the order requiring reimbursement thereof. Upon further appeal to the Unemployment Appeals Commission, the decision of the referee was affirmed as being in accordance with the essential requirements of law.
We hold that the Division was authorized to make a redetermination pursuant to Section 443.151(3)(c), Florida Statutes (Supp. 1980); and that there was no impediment to the bifurcation of the determination of retroactive disqualification and the decision to order repayment. We also agree with the appeals referee's finding that he had no jurisdiction to delve into the merits of the disqualification order, which had become final after the expiration of the twenty-day period for appealing. However, we find that the referee and the Commission overlooked Section 443.151(6)(c), Florida Statutes (Supp. 1980) when they made their respective rulings. Therefore, this cause must be remanded. § 120.68(9)(b), Fla. Stat. (1981).
Section 443.151(6)(c), supra, provides that in the case of a non-fraudulentlyobtained overpayment, "[n]o recoupment from future benefits shall be had if such sum was received by such person without fault on his part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience." This provision must be read to apply to recovery by repayment as well as by recoupment from future benefits. Recoupment and repayment are the statutorily-authorized methods by which the Division corrects overpayment errors where no fraud has been committed by the claimant. We can discern no logical reason for granting the Section 443.151(6)(c), supra, defenses of statutory purpose and equity and good conscience to someone who will still be receiving benefits, while withholding these defenses from someone whose benefits are terminated and who is required to repay sums to the Division.[1] A statute will not be interpreted to achieve an illogical or absurd result. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974); Good Samaritan Hospital Association v. Simon, 370 So.2d 1174 (Fla. 4th DCA 1979).
Additionally, Section 443.151(6)(b), supra, gives the Division the discretion to select either recoupment or repayment when it seeks to undo an overpayment error. If the defenses in Section 443.151(6)(c), supra, were meant to apply only to recoupment and not to repayment, then in every case where future benefits were still to be paid, the Division could avoid the application of these defenses merely by exercising its discretion in favor of seeking repayment. To follow such an interpretation would pave the way for administrative abuse, a road we refuse to follow. Getzen v. Sumter County, 89 Fla. 45, 103 So. 104 (1925).
Having determined that the Section 443.151(6)(c), supra, defenses are available to claimants ordered to make repayment, we observe from the record that the instant claimant presented the referee with several colorable arguments concerning these defenses. The referee should not have ignored these arguments. See Gilles v. Department of Human Resources Development, 11 Cal.3d 313, 521 P.2d 110, 113 Cal. Rptr. 374 (1974).
*1231 Accordingly, this cause is remanded to the Unemployment Appeals Commission with directions to further remand it to the appeals referee in order that a hearing be conducted at which the claimant shall be permitted to present arguments and evidence to the effect that repayment would defeat the purpose of the Unemployment Compensation Law or would be against equity and good conscience.
Reversed and remanded with directions.
NOTES
[1] Indeed, this provision is of the type that has appeared in a statute which prevents the employment authority from obtaining repayment in the case of a non-fraudulent receipt of overpayment, and which leaves the authority only the remedy of recoupment. 1951 Pa. Laws 1580 § 21, reprinted in Pa. Stat. Ann. tit. 43, § 874 (Purdon 1964) historical note. Thus, it appears to be misplaced in our statute which provides for both methods of recovery.