442 So.2d 1114 (1983)
Rhoda M. SHEPPARD, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, and Unemployment Appeals Commission, Appellees.
No. 83-1035.
District Court of Appeal of Florida, Fourth District.
December 28, 1983.
*1115 Mary Anne Robertson, Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
John D. Maher, Tallahassee, for appellees.
GLICKSTEIN, Judge.
This is an appeal from an order of the Unemployment Appeals Commission, which affirmed the decision of the appeals referee. We affirm.
Appellant was originally awarded unemployment benefits and received them during the employer's appeal. By the time her award was reversed by the commission, she had received $949.00. A claims adjudicator subsequently made a determination, charging her with an overpayment in that amount. It was the latter determination which the appeals referee and commission affirmed in due course, prompting the present appeal.
The applicable statutory section is 443.151(6), Florida Statutes (1981) which provides:
(6) RECOVERY AND RECOUPMENT. 
(a) Any person who, by reason of his fraud, has received any sum as benefits under this chapter to which he was not entitled shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, to have such sum deducted from future benefits payable to him under this chapter, provided a finding of the existence of such fraud has been made by a redetermination or decision pursuant to this section within 2 years from the commission of such fraud, and provided no such recovery or recoupment of such sum may be effected after 5 years from the date of such redetermination or decision.
(b) If any person, other than by reason of his fraud, has received any sum as benefits under this chapter to which, under a redetermination or decision pursuant to this section, he has been found not entitled, he shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, shall have such sum deducted from any future benefits payable to him under this chapter. No such recovery or recoupment of such sum may be effected after 2 years from the date of such redetermination or decision.
(c) No recoupment from future benefits shall be had if such sum was received by such person without fault on his part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience.
(d) In any case in which under this section a claimant is liable to repay to the division any sum for the fund, such sum shall be collectible without interest by a deduction from benefits pursuant to a redetermination as above provided or by civil action in the name of the division.
Claimant makes two arguments. The first is that the statute is unconstitutional *1116 or preempted by federal law. We disagree and do not perceive the necessity of reviewing the briefs' contents in light of our rejection of appellant's contentions. The second is that subsection (b) of the above statute compelled consideration of equity and good conscience before requiring repayment by appellant. We disagree with that argument as well, but wish to discuss it because our view expressly conflicts with that of the Third District Court of Appeal in Sagaert v. State of Florida, Department of Labor and Employment Security Unemployment Appeals Commission, 418 So.2d 1228 (Fla. 3d DCA 1982). The court in Sagaert interpreted (b) to include defenses contained in (c), holding:
Section 443.151(6)(c), supra, provides that in the case of a non-fraudulently-obtained overpayment, "[n]o recoupment from future benefits shall be had if such sum was received by such person without fault on his part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience." This provision must be read to apply to recovery by repayment as well as by recoupment from future benefits. Recoupment and repayment are the statutorily-authorized methods by which the Division corrects overpayment errors where no fraud has been committed by the claimant. We can discern no logical reason for granting the Section 443.151(6)(c), supra, defenses of statutory purpose and equity and good conscience to someone who will still be receiving benefits, while withholding these defenses from someone whose benefits are terminated and who is required to repay sums to the Division. A statute will not be interpreted to achieve an illogical or absurd result. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974); Good Samaritan Hospital Association v. Simon, 370 So.2d 1174 (Fla. 4th DCA 1979).
418 So.2d at 1230 (footnote omitted).
We respectfully believe the foregoing interpretation is an inappropriate invasion by the judiciary into the legislative arena, contrary to the constitutional mandate which separates the two respective governmental powers. The language in (b) does not compel the division to exercise its discretion by seeking recoupment rather than repayment. It plainly enables the division to proceed with efforts to effect repayment or, in the alternative, deduct sums already received from future benefits which may become available. In this case the division sought repayment. Had it opted for recoupment, we could see more easily the applicability of the defenses in (c) to the exercise of the division's discretion. Repayment is harsh on this economically distressed appellant whose alcoholism occasioned her discharge. However, assuming the correctness of the determination of misconduct, as we must for the present appeal, benefits improperly received by one individual would obviously make those funds unavailable to one legally entitled to same. The public pockets are not endlessly deep and without the omnipresent standard of propriety of payment and similarly watchful implementation of that standard, the entire system must ultimately fail.
WALDEN, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.