FRANK, Judge.
The sole issue before us is whether the recovery by repayment, contemplated in section 443.151(6)(b), Florida Statutes (1985), of the unemployment compensation benefits paid to Sheppard is subject to the defenses of “equity and good conscience” contained in section 443.151(6)(c) where his entitlement to such benefits was ultimately determined not to have existed.
Section 443.151(6) provides, in relevant part, as follows:
(b) If any person, other than by reason of his fraud, has received any sum as benefits under this chapter to which, under a redetermination or decision pursuant to this section, he has been found not entitled, he shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, shall have such sum deducted from any future benefits payable to him under this chapter. No such recovery or recoupment of such sum may be effected after 2 years from the date of such rede-termination or decision.
(c) No recoupment from future benefits shall be had if such sum was received by such person without fault on his part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience.
(d) In any case in which under this section a claimant is liable to repay to the division any sum for the fund, such sum shall be collectible without interest by a deduction from benefits pursuant to a redetermination as above provided or by civil action in the name of the division.
The foregoing provisions have been analyzed and applied in two districts with divergent results. In Sagaert v. State Department of Labor, 418 So.2d 1228 (Fla. 3d DCA 1982), it was determined that the “equity and good conscience” defenses available under section 443.151(6)(c) to a non-fraudulently overpaid claimant from whom recoupment from future benefits is sought, are equally assertable by the claimant from whom repayment is demanded under section 443.151(6)(b). In the absence of fraud, it is the Third District’s view that “no logical reason” exists from which a distinction can be drawn between recoupment from ongoing future benefits and the repayment by one whose benefits have been terminated. The Fourth District, on the other hand, rejected Sagaert in Sheppard v. State Department of Labor, 442 So.2d 1114 (Fla. 4th DCA 1983), upon the ground that importing the “equity and good conscience” defenses in section 443.151(6)(c) into section 443.151(6)(b) is an incursion into the legislative function. We agree. Our role is not to redraft statutes. Had the legislature intended the section 443.-151(6)(c) defenses to be applicable to a repayment proceeding stemming from non-entitlement ab initio, it would have said as much. Our consideration of the statute in its entirety convinces us that the overall legislative purpose sustains denying the defenses to one who has received benefits without any statutory entitlement, as here, while permitting recoupment with attendant defenses from future benefits where a mistaken overpayment has occurred.
We further disagree with the Third District’s view that to confine the “equity and good conscience” defenses to recoupment allows the state, in the exercise of its statutory discretion, abusively to choose repayment rather than recoupment and thus deny to the improperly paid claimant the section 443.151(6)(c) defenses. The fault we find with that reasoning is grounded *829 upon two considerations. First, there is a rational basis for the discretionary power awarded the state in section 443.151(6)(b). We need only look to the circumstance in which a claimant has been erroneously overpaid an amount that cannot be fully satisfied by recoupment from the continuing benefits to which he is entitled. Second, we are unwilling to ascribe to the state based upon nothing more than speculation a purpose to abuse its statutorily granted discretion. If the potential for abuse were to become a reality, judicial review upon a record disclosing sufficient indicia of that conduct would warrant appropriate relief.
Accordingly, the order of the Unemployment Appeals Commission is affirmed.
SCHEB, A.C.J., and PATTERSON, DAVID F., Associate Judge, concur.