PER CURIAM.
This is an appeal from a decision of the Unemployment Appeals Commission affirming the finding of the appeals referee that appellant was required to repay an overpayment of unemployment compensation benefits which she had received. The appeals referee found that although appellant might be entitled to relief on equitable grounds, he was “without power to waive the repayment of an overpayment.”
We reverse and remand on the authority of Renelus v. Florida Unemployment Appeals Commission, 484 So.2d 629 (Fla. 3d DCA 1986), review pending, no. 68,442 (Fla. filed Mar. 7, 1986); Comer v. State, Unemployment Appeals Commission, 481 So.2d 67 (Fla. 3d DCA 1985), review pending, no. 68,145 (Fla. filed Jan. 9, 1986); Garcia v. Department of Labor & Employment Security, 426 So.2d 1171 (Fla. 3d DCA 1983); and Sagaert v. State, Department of Labor & Employment Security, 418 So.2d 1228 (Fla. 3d DCA 1982). See § 443.151(6)(c), Fla.Stat. (1983). As in Rene-lus and Comer, we also certify this decision as being in express and direct conflict with Sheppard v. State, Department of Labor & Employment Security, 442 So.2d 1114 (Fla. 4th DCA 1983).[1]
Reversed and remanded.

. We note that the second district, in the recent case of Sheppard v. Florida Unemployment Appeals Commission, 492 So.2d 827 (Fla. 2d DCA 1986), has followed the fourth district’s holding in Sheppard v. State, Department of Labor & Employment Security.