The Honorable J. Keith Arnold Representative 73rd District Post Office Box 2860 Fort Myers, Florida 33902-2860
Dear Representative Arnold:
This is in response to your request for an opinion on substantially the following question:
 ARE MEDICAL RECORDS AND MEDICAL CLAIMS RECORDS RELATING TO COUNTY OR MUNICIPAL GOVERNMENT EMPLOYEES SUBJECT TO PUBLIC INSPECTION UNDER s. 119.07, F.S., WITHOUT THE PRIOR WRITTEN AUTHORIZATION OF AFFECTED EMPLOYEES?
You state in your inquiry that some questions have been raised regarding the interpretation of s. 112.08(7), F.S., as created by s. 4, Ch. 86-180, Laws of Florida, and that you wish to determine whether corrective legislation is needed to clarify the intent of the Legislature.
Florida's Public Records Law, Ch. 119, F.S., requires that every person having custody of public records shall permit such records to be inspected and examined by any person at reasonable times and under reasonable conditions. Section 119.07(1)(a), F.S. See, s.119.01(1), F.S. (policy of state that all state, county and municipal records shall be open for inspection). See also, s.119.011(1) and (2), F.S. (defining "public records" and "agency"); Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633 (Fla. 1980) (comprehensive definition of public records includes material prepared in connection with transaction of official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type). Only those public records which are presently provided by law to be confidential or which are prohibited from being inspected by general or special law are exempt from the provisions of s.119.07(1), F.S. Section 119.07(3)(a), F.S. See, Wait v. Florida Power and Light Company, 372 So.2d 420 (Fla. 1979).
This office has consistently expressed the view that personnel records of employees paid from public funds or otherwise subject to legislative control are subject to public inspection. See, AGO's 82-75, 80-92, 75-8, 73-51 and 73-30. The Florida Supreme Court has held that Ch. 119, F.S., applies to personnel records of employees of a tax-supported hospital and personnel files of municipal police officers in the absence of an applicable exemption. See, respectively, Michel v. Douglas, 464 So.2d 545
(Fla. 1985); Tribune Company v. Cannella, 458 So.2d 1075
(Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company,105 S.Ct. 2315 (1985). See also, Wisher v. News-Press Publishing Company, Inc., 417 So.2d 344 (2 D.C.A. Fla., 1982) (affirming a circuit court order permitting inspection of information contained in the personnel files of county employees); Gadd v. News-Press Publishing Company, Inc., 412 So.2d 894 (2 D.C.A. Fla., 1982).
In AGO 82-75 this office concluded that medical information contained in the personnel files of employees of a fire protection and rescue service district received by the district in connection with the transaction of its official business and furnished to the district by or for such employees was subject to public inspection by any person desiring to do so pursuant to ss. 119.01 and119.07(1)(a), F.S., without the prior authorization of the affected employees in the absence of any express statutory exemption prohibiting such inspection. That opinion further noted that there appeared to be no statutory provision in general or special law which operated to exempt such information from inspection and examination and specifically concluded that s. 455.241(2), F.S. (1982 Supp.), prohibiting reports of examination or treatment of persons by certain licensed health care practitioners from being furnished to persons other than the patient or his legal representative without written authorization of the patient, did not apply to public records or operate to exempt medical information contained in public records from the provisions of ss. 119.01 and 119.07(1)(a).
As added by s. 4, Ch. 86-180, Laws of Florida, s. 112.08(7), F.S., provides as follows:
 All medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential and are exempt from the provisions of s. 119.07(1). Such records shall not be furnished to any person other than the employee or his legal representative, except upon written authorization of the employee, but may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the employee or his legal representative by the party seeking such records.
This new provision is presently the subject of litigation. See, News-Press Publishing Company, Inc. v. Kaune, Case No. 86-3857-CA-EOF (20th Cir. Lee County, August 7, 1986), appeal pending, Case No. 2186 (2 D.C.A. Fla., filed August 14, 1986), holding that, inter alia, records of drug tests administered to city firefighters were exempted from inspection and examination by petitioners pursuant to s. 112.08(7). I am advised that one of the issues on appeal is whether such records of drug tests are included within the statutory language, "[a]ll medical records and medical claims records," for purposes of application of s.112.08(7) to the particular facts. Specifically, the appellant newspaper is arguing that the limited exemption provided by s.112.08(7) applies only to such medical records and medical claims records as relate to claims made in conjunction with the public employer's group insurance plan. As this office does not opine on questions pending before the courts in order to avoid unwarranted intrusion into the province of the judiciary, and inasmuch as your inquiry does not refer to or raise any question concerning any specific record or records containing "medical information" relating to county or municipal employees, no comment is expressed herein with respect to the application of s. 112.08(7) to any particular record or type of record in the custody of a county or municipal governmental unit relating to county or municipal employees, former employees, or dependents, which record may contain such "medical information."
Your inquiry suggests that a prohibition on "furnishing" of certain records may be viewed solely as a prohibition on the furnishing of copies of records and would not relate to or operate to prohibit mere inspection or examination of public records pursuant to s. 119.07(1), F.S. See, s. 119.07(1)(a), F.S., providing that the custodian of a public record "shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee," and further providing that "[t]he custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record." (e.s.) Section 112.08(7), F.S., as added by s. 4, Ch. 86-180, Laws of Florida, does not expressly refer to copies of medical records and medical claims records. The statute does provide that "[s]uch records shall not be furnished" (e.s.) except to specified persons under certain circumstances. However, s. 112.08(7) also clearly provides that the medical records and medical claims records described therein "shall be kept confidential and are exempt from the provisions of s. 119.07(1)." (e.s.) Thus, such medical records and medical claims records are exempt from and are not subject to the requirement of s. 119.07(1)(a) that the custodian permit records to be "inspected and examined by any person desiring to do so," but rather may be made available for inspection or examination or may be furnished only under the circumstances provided for in s. 112.08(7). See also, 37 C.J.S. Furnish, pp. 1409-10 (a broad and indefinite word generally meaning to supply or provide, including and referring to any method of transferring possession).
Accordingly, since the Legislature now has enacted a statutory exemption providing that medical records and medical claims records in the custody of county or municipal governmental units are exempted from s. 119.07(1), F.S., and shall be kept confidential and furnished only under specified conditions, I am of the opinion that medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, former county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan shall be kept confidential, are exempt from the provisions of s.119.07(1), and are not subject to public inspection or examination and shall not be furnished to any person other than the affected employee or his legal representative, except upon written authorization of the employee or upon issuance of a subpoena from a court of competent jurisdiction in any civil or criminal action on proper notice unless otherwise provided by law.
Finally, notwithstanding the conclusion of AGO 82-75, your inquiry makes reference to the fact that a licensed health care practitioner employed by a certain county is the custodian of certain medical records and files of employees of that county, and you appear to suggest that this fact has some relevance to the question you have submitted. Cf., s. 455.241(1) and (2), F.S. (providing in subsection [1] that certain duly licensed health care practitioners who make examinations of or administer treatment to persons shall furnish reports of such examinations or treatments to such persons, and providing in subsection [2] that such records shall not be furnished to any person other than the patient or his legal representative without written authorization of the patient). This office remains of the view that s. 455.241(2), F.S., "does not refer to or have anything to do with public records or the Public Records Law or exempt any public record from the operation of such law," quoting the pertinent conclusion of AGO 82-75.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that medical records and medical claims records in the custody of a unit of county or municipal government relating to county or municipal employees, former county or municipal employees, or eligible dependents of such employees enrolled in a county or municipal group insurance plan or self-insurance plan are confidential and exempt from the provisions of s. 119.07(1), F.S., pursuant to s. 112.08(7), F.S., as added by s. 4, Ch. 86-180, Laws of Florida, and are not subject to public inspection under s. 119.07, F.S., and shall not be furnished to any person other than the affected employee or his legal representative except upon written authorization of the employee or issuance of a subpoena from a court of competent jurisdiction in any civil or criminal action on proper notice unless otherwise provided by law. However, no comment is expressed herein as to whether any particular "medical information" concerning county or municipal employees constitutes "medical records and medical claims records" for purposes of s. 112.08(7), pending judicial clarification of the application of the exemption provided for such records in that statute.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General