PER CURIAM.
Claimant appeals a decision of the Florida Unemployment Appeals Commission determining that he is obligated to repay benefits for which he was later found ineligible.
This court has previously interpreted section 443.151(6)(b), Florida Statutes, to require repayment of improperly received benefits without resort to the defenses of equity and good conscience. Those defenses, found under subsection (c) of the statute, are only available to claimants from whom the state seeks recoupment out of future benefits at the time they become payable. Sheppard v. State, Department of Labor and Employment Security, 442 So.2d 1114 (Fla. 4th DCA 1983). Accord Sheppard v. Florida Unemployment Appeals Commission, 492 So.2d 827 (Fla.2d DCA 1986). We acknowledge conflict with the following cases: Cassady v. Florida Unemployment Appeals Commission, 495 So.2d 255 (Fla.3d DCA 1986); Renelus v. Florida Unemployment Appeals Commission, 484 So.2d 629 (Fla.3d DCA 1986); Comer v. State, Unemployment Appeals Commission, 481 So.2d 67 (Fla.3d DCA 1985); Garcia v. Department of Labor and Employment Security, 426 So.2d 1171 (Fla.3d DCA 1983); Sagaert v. State, De *412 partment of Labor and Employment Security Unemployment Appeals Commission, 418 So.2d 1228 (Fla.3d DCA 1982).
The decision of the appeals commission is affirmed.
DOWNEY, WALDEN and STONE, JJ., concur.