504 So.2d 760 (1987)
UNEMPLOYMENT APPEALS COMMISSION, Petitioner,
v.
Zachary S. COMER, Respondent.
UNEMPLOYMENT APPEALS COMMISSION, Petitioner,
v.
Pierre S. RENELUS, Respondent.
Nos. 68145, 68442.
Supreme Court of Florida.
April 2, 1987.
John D. Maher, Tallahassee, for petitioner.
John R. Greenwood and Abbe Cohn of Haitian American Community Ass'n of Dade County, (HACAD), Inc., Miami, for respondents.
OVERTON, Justice.
The Unemployment Appeals Commission petitions for review of Comer v. State, Unemployment Appeals Commission, 481 So.2d 67 (Fla.3d DCA 1985), and Renelus v. Florida Unemployment Appeals Commission, 484 So.2d 629 (Fla.3d DCA 1986). In each case, the Commission sought repayment *761 of unemployment compensation benefits to which the claimants, Comer and Renelus, were not entitled. Both claimants asserted that recovery of overpayments should be waived under section 443.151(6)(c), Florida Statutes (1983). The Unemployment Compensation Referee determined in both cases that the compensation law does not allow waiver of overpayment recovery. The district court held, however, that the claimants may assert the defense that repayment of benefits would defeat the purpose of unemployment compensation law or would be against equity and good conscience. The district court certified its decisions to be in express and direct conflict with Sheppard v. State, Department of Labor and Employment Security, 442 So.2d 1114 (Fla. 4th DCA 1983). We agree that there is direct and express conflict and we have jurisdiction. Art. V, § 3(b(4), Fla. Const. For the reasons expressed, we quash the decisions of the Third District Court of Appeal in Comer and Renelus and approve the Fourth District Court's decision in Sheppard.
The sole issue in this case is the interpretation of section 443.151(6)(c), specifically whether it provides claimants a defense in the Commission's repayment efforts. Section 443.151(6), Florida Statutes (1983), addressing recovery and recoupment of overpayments, reads in part:
Recovery and Recoupment. 
(a) Any person who, by reason of his fraud, has received any sum as benefits under this chapter to which he was not entitled shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, to have such sum deducted from future benefits payable to him under this chapter, provided a finding of the existence of such fraud has been made by a redetermination or decision pursuant to this section within 2 years from the commission of such fraud, and provided no such recovery or recoupment of such sum may be effected after 5 years from the date of such redetermination or decision.
(b) If any person, other than by reason of his fraud, has received any sum as benefits under this chapter to which, under a redetermination or decision pursuant to this section, he has been found not entitled, he shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, shall have such sum deducted from any future benefits payable to him under this chapter. No such recovery or recoupment of such sum may be effected after 2 years from the date of such redetermination or decision.
(c) No recoupment from future benefits shall be had if such sum was received by such person without fault on his part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience.

(d) In any case in which under this section a claimant is liable to repay to the division any sum for the fund, such sum shall be collectible without interest by a deduction from benefits pursuant to a redetermination as above provided or by civil action in the name of the division.
(Emphasis added.) Under the statute, the Division of Unemployment Compensation, at its discretion, may recover overpayments by (1) demanding direct repayment or (2) recouping monies from future benefits. Section 443.151(6)(c) sets forth a defense to recoupment from future benefits when the claimant can establish the overpayments were received without claimant's fault and recoupment would defeat the purpose of the act or be against equity and good conscience.
The Commission argues that the legislature intended these defenses to apply only to recoupment proceedings  not repayment proceedings. The Third District Court of Appeal disagreed and reaffirmed its holding in Sagaert v. State, Department of Labor, 418 So.2d 1228 (Fla.3d DCA 1982), which held that section 443.151(6)(c) "must be read to apply to recovery by repayment as well as by recoupment from future benefits." Id. at 1230. See Garcia v. State, Department of Labor, 426 So.2d 1171 (Fla.3d DCA 1983) (applying Sagaert). In Sheppard, the Fourth District Court of *762 Appeal disagreed, expressly rejecting Sagaert, and stating that to allow the provision's application to repayment proceedings would be
an inappropriate invasion by the judiciary into the legislative arena, contrary to the constitutional mandate which separates the two respective governmental powers. The language in (b) does not compel the division to exercise its discretion by seeking recoupment rather than repayment. It plainly enables the division to proceed with efforts to effect repayment or, in the alternative, deduct sums already received from future benefits which may become available.
442 So.2d at 1116.
In our view, the statutory scheme clearly distinguishes repayment and recoupment. Recoupment contemplates future payments. It logically follows that deducting improperly paid funds from future payments due a faultless claimant may defeat the purpose of the act and be against equity and good conscience. We find the intent was to provide the defense only when recoupment is sought because, if the Commission was always allowed to recover from payments due, the purpose of the benefits to the unemployed claimant could be defeated in many instances.
For the reasons expressed, we approve Sheppard, disapprove Sagaert and Garcia, and quash Comer and Renelus.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J. (Ret.), dissents.