Ms. Dorothy W. Joyce Division Director Division of Elections Department of State Room 1801, The Capitol Tallahassee, Florida 32399-0250
Dear Ms. Joyce:
You have asked the following:
1. To what extent is material submitted with voter system certification exempt from the Public Records Law, pursuant to s.119.07(3)(q), F.S.?
2. Is the Department of State required to sign a license agreement for each voting system which is submitted for certification under s. 101.015, F.S.?
In sum:
1. Only the material qualifying as software which has been obtained by an agency under a license agreement which prohibits its disclosure and which is a trade secret would be exempt from the Public Records Law pursuant to s. 119.07(3)(q), F.S.
2. There is no statutory requirement for the Department of State to sign a license agreement to protect the software of voting systems submitted for certification. The confidentiality of software provided in s. 119.07(3)(q), F.S., is transferred to such software filed with the department pursuant to s. 101.5607(1)(d), F.S.
You state that the Division of Elections receives considerable printed materials from applicants seeking certification of computerized voter systems. Applicants have requested varying degrees of privacy for the submitted materials. Accordingly, your questions center upon the application of Ch. 119, F.S., to the materials which are received by the division.
Question One
Section 101.015(1), F.S., requires the Department of State (department) to adopt rules which establish minimum standards for hardware and software for electronic and electromechanical voting systems. The department must "publicly examine all makes of electronic or electromechanical voting systems submitted to it and determine whether the systems comply with the requirements of s. 101.5606."[1]
Section 101.5607(1)(a), F.S., provides:
Copies of the program codes and the user and operator manuals and copies of all software and any other information, specifications, or documentation required by the Department of State relating to an approved electronic or electromechanical voting system and its equipment must be filed with the Department of State by the supervisor of elections at the time of purchase or implementation. Any such information or materials that are not on file with and approved by the Department of State, including any updated or modified materials, may not be used in an election.
Thus, all software, program codes, user and operator manuals, and other information required for approval of an electronic or electromechanical voting system by the Department of State must be filed with the department before it can be used in an election.
However, s. 101.5607(1)(d), F.S., makes s. 119.07(3)(q),[2] F.S., applicable to all software on file with the Department of State.
Section 119.07(3)(q), F.S.,[3] in part, provides:
Data processing software obtained by an agency under a licensing agreement which prohibits its disclosure and which software is a trade secret, as defined in s. 812.081, and agency-produced data processing software which is sensitive are exempt from the provisions of subsection (1).[4] The exemption contained in s.119.07(3)(q), F.S., applies to data processing software obtained by an agency under a licensing agreement which prohibits its disclosure and which software is a trade secret. Absent the provision in s. 101.5607(1)(d), F.S., making the exemption applicable to all software on file with the Department of State, such software might lose its protected status when it is transferred by the procuring agency to the department for approval.[5]
Accordingly, the data processing software obtained by an agency under a license agreement which prohibits its disclosure and which software is a trade secret, and which is filed with the Department of State for approval, remains exempt from the disclosure requirements of s. 119.07(1), F.S.[6] It is of no consequence that the data processing company wishes to maintain the privacy of particular materials filed with the department, unless such materials fall within a legislatively created exemption to Ch.119, F.S.[7]
Question Two
I have found no statutory requirement that the Department of State enter into a licensing agreement prior to its receiving copies of the software for electronic or electromechanical voting systems for approval. There appears to be no need for a licensing agreement between the Department of State and the supplier of a voting system protecting the software from disclosure, since all software which falls within the provision in s. 119.07(3)(q), F.S., filed with the department is specifically exempted from Ch.119, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 101.5605(1), F.S. Section 101.5606, F.S., sets forth the requirements for approval of electronic or electromechanical voting systems.
[2] Section 22, Ch. 90-344, Laws of Florida, renumbered s.119.07(3)(n), F.S., to become s. 407.23, F.S., resulting in the relettering of the remaining subsections in s. 119.07(3), F.S.
[3] Formerly s. 119.07(3)(r), F.S.
[4] Section 119.07(1), F.S., requires every person who has custody of a public record to permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.
[5] Cf., AGO 82-63 (assuming federal copyright protection exists, copyrighted work received by a public agency in connection with its official duties or the transaction of its official business constitutes a public record subject to inspection under Ch. 119, F.S.; public agency should not, however, allow reproduction or copying by the public without the express authorization of the copyright owner).
[6] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).
[7] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980) (every public record is subject to the examination and inspection provisions of s. 119.07[1], F.S., unless a specific statutory provision can be found which exempts those records from disclosure). See also, Gadd v. News-Press Publishing Company, Inc., 412 So.2d 894 (2 D.C.A. Fla., 1982) (records of a utilization review committee of a county hospital were not exempt from Ch. 119 although the information may have come from sources who expected or were promised confidentiality).