676 So.2d 469 (1996)
Louis MORENO, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 95-3139.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Rehearing Denied July 19, 1996.
Louis Moreno, Fort Lauderdale, pro se.
William T. Moore, Tallahassee, for appellee.
PER CURIAM.
Appellant asserts that he should not have to repay $3,500 in unemployment benefits which represent an overpayment. Although we are sympathetic to his plight, we must affirm.
After appellant first filed for unemployment benefits he noticed that the Division of Unemployment Compensation listed his last employer as an employer different from the employer for whom he had worked. He immediately notified the agency and assumed that they corrected it. When he reapplied for benefits a year later, his wage transcript again showed the wrong employer, and he again advised the agency of the error. Six months later, appellant again noticed the wrong employer was shown and again brought it to the attention of the Department, which then took action, eventually resulting in appellant being informed that he owed $3,500 as a result of overpayment.
Appellant admits he was overpaid, but argues that it is unfair under the circumstances to require him to make repayment. Although section 443.151(6)(c), Florida Statutes *470 (1995) provides that "recoupment" from future unemployment benefits can be denied if it would be "against equity and good conscience," there is no similar exception if "repayment" is ordered under section 443.151(6)(b). See Unemployment Appeals Comm'n v. Comer, 504 So.2d 760 (Fla.1987). Although the distinction between repayment and recoupment (for purposes of allowing a defense) escapes us, the legislature has had ample time since Comer to eliminate the distinction and has not done so. We are left with no choice but to affirm.
KLEIN, PARIENTE and STEVENSON, JJ., concur.