351 So.2d 380 (1977)
Beatrice G. BROWNING, As the City Clerk of the City of Plantation, Appellant,
v.
Dennis J. WALTON, Appellee.
No. 76-1241.
District Court of Appeal of Florida, Fourth District.
November 1, 1977.
Donald J. Lunny, Fort Lauderdale, for appellant.
Frank E. Hamilton, III of Hamilton, Douglas & Bennett, P.A., Fort Lauderdale, for appellee.
FRANK N. KANEY, Associate Judge.
This case is factually similar to the Second District Court of Appeal's case of Warden v. Bennett, 340 So.2d 977 (Fla. 2d DCA 1976), and our own case of Clark v. Walton, 351 So.2d 353 (Fla. 4th DCA 1977).
Appellant is the Clerk of the City of Plantation who has control of the city's personnel files. Appellee is a union organizer who wants the names and home addresses of the city's employees. He obtained a Writ of Mandamus when Appellant refused to provide him with them even though he had offered to pay any costs incurred.
The city had distributed to its employees a form requesting the city to maintain the confidentiality of all material in their personnel files. The addresses of all those who signed the form were not provided to Appellee.
*381 Appellant cited Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla. 2d DCA 1975), in which the Second District Court of Appeal said personnel records were confidential. That decision was reversed by our Supreme Court at 345 So.2d 646. While not allowing the news media in that case an unrestricted fishing expedition into all the county personnel files, the Supreme Court did direct the county administrator to provide the information sought from the files.
The Appellant seeks to have this court judicially engraft the "self-imposed" exemption to the Public Records Act, Section 119.07(2), Florida Statutes (1975).
This we cannot do. The purpose of this Statute was to open the records so the citizens could discover what their government was doing. If we were to allow such exemption before long the imposition of that exemption might well become a condition of employment. This would plainly thwart the purpose of the Statute. A trash collector with knowledge of wrongdoing in the Trash Department is more likely to reveal what he knows to an investigator in the privacy of his own Florida room than he is under the watchful eye of his foreman at the Trash Department offices.
We have considered the other contentions of the Appellant and find them to be unpersuasive.
The Final Judgment is AFFIRMED.
DOWNEY and DAUKSCH, JJ., concur.