Mr. T. E. Zepp, Chief South Trail Fire Protection and Rescue Service District 2100 Crystal Drive Fort Myers, Florida 33907
Dear Chief Zepp:
This is in response to your request for an opinion on substantially the following question:
 IS MEDICAL INFORMATION CONTAINED IN PESONNEL FILES OF DISTRICT EMPLOYEES SUBJECT TO PUBLIC INSPECTION UNDER s 119.07, F.S., WITHOUT THE PRIOR WRITTEN AUTHORIZATION OF AFFECTED EMPLOYEES?
The South Trail Fire Protection and Rescue Service District, a special taxing district located within Lee County, was created by Ch. 76-412, Laws of Florida, as amended by Chs. 81-414, 81-418, and 81-419, Laws of Florida. You state in your letter that a former employees has demanded the right to inspect his and other district employees' personnel files. In these personnel files are medical records received by the district, and you are concerned about the propriety of allowing public inspection of such medical records without the prior written authorization of the employees to whom such medical records appertain in accordance with s 455.241(2), F.S.
Florida's Public Records Law, Ch. 119, F.S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any public agency or any other public or private agency acting on behalf of any public agency must be open for personal inspection by any person. See, ss 119.01, 119.011(1), and (2) and 119.07(1)(a), F.S. `Public records' are defined by s 119.011(1) to mean `all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.' See also, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), in which the Florida Supreme Court construed this definition to mean `any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.'
The applicability of Ch. 119, F.S., to a particular officer, person, or entity depends on whether the individual or entity in question is a public agency as defined in s 119.011(2), F.S. See, State ex rel. Tindel v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974). Subsection (2) provides:
 `Agency' means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency. (e.s.)
It is clear from this statutory definition that the South Trail Fire Protection and Rescue Service District is an `agency' within the purview of Ch. 119, F.S. Thus, any report or record made or received by the district pursuant to law or ordinance or in connection with the transaction of the district's official business, including personnel files of district employees, is a public record open for personal inspection by any person who wishes to do so, unless statutorily exempted.
This office has over the years received a number of requests for opinions concerning personnel records and the applicability of the Public Records Law. Opinion of this office have consistently expressed the view that personnel records are subject to public inspection. See, e.g., AGO 080-92 (payroll records of employees of county property appraiser's office, including the names of such employees, their positions and salaries are subject to Public Records Law); AGO 075-8 (general personnel records are subject to Ch. 119); AGO 073-51 (personnel records of civil service employees may not be maintained under two headings, one open and one confidential); AGO 073-30 (records of salaries paid to assistant state attorneys are open to public inspection).
In order for a public record not to be subject to the inspection and examination requirements of s 119.07, F.S., subsection (3)(a) of that statute provides a limited exception to the provisions of s 119.07(1)(a) by stating that `[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).' (e.s.) The Florida Supreme Court in Wait v. Florida Power 
Light Co., 372 So.2d 420 (Fla. 1979), directly construed the language `provided by law' and held that the statute `excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.' See also, Browning v. Walton,351 So.2d 380 (4 D.C.A. Fla., 1977). Thus, unless there is a specific statutory exemption or a statute which makes the material confidential, a public agency must permit access to the records in question until such time as the State Legislature deems it proper to create an exception to the Public Records Law for such material.
My research has not revealed nor has my attention been drawn to a statutory provision, general or special law, which would exempt personnel records, including medical information contained therein, of a special district from public inspection and examination. You cite s 455.241(2), F.S., for the proposition that written authorization must be obtained from the employees prior to an examination of the medical information contained in their personnel files. Section 455.241, F.S., in subsection (1), provides that a health care practitioner licensed pursuant to any of the following chapters, 458, 459, 460, 461, 462, 463, 464, 466, or 474, who makes a physical or mental examination, or administers treatment, must on request furnish the patient, or his legal representative copies of all reports made of such examination or treatments. Subsection (2), as amended by s 1 of of Ch. 82-22, Laws of Florida, provides in pertinent part that `[s]uch records shall not be furnished to any person other than the patient or his legal representative, except upon written authorization of the patient.' This statute does not purport to make medical records that are contained in personnel files of public employees in the custody of a public custodian, supplied to him by or for public employees, confidential for purposes of the Public Records Law; nor does it prohibit inspection of the same by the public. This statute merely forbids the designated health care practitioners
from furnishing such reports to third parties, except upon written authorization of the patient. Indeed, such reports may be furnished without written authorization to any person who, with the patient's consent, has procured or furnished the physical or mental examination or treatment. Section 455.241(2), F.S. If the medical information contained in the personnel files of district employees was received by the district in connection with its official business transactions and furnished to the district by or for the district employees, then s 455.241, F.S., would not operate to exempt such information from the Public Records Law. In fact, s 455.241(2) does not refer to or have anything to do with public records or the Public Records Law or exempt any public record from the operation of such law.
As to any contention that a constitutional right of privacy should operate to protect such records from public scrutiny, the Florida Supreme Court in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), rejected the argument that there was a constitutional right of privacy that would prevent public disclosure of papers of a personal nature. Also, on November 4, 1980, a proposed constitutional amendment was approved by the people of Florida. New section 23 of Article I, Florida Constitution, provides:
 Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law. (e.s.)
The expressly provided exception emphasized above precludes this constitutional privacy amendment from operating to limit the public's right of access to public records.
In conclusion, it is my opinion that in the absence of any express statutory exemption or law prohibiting public inspection, medical information contained in the personnel files of employees of the South Trail Fire Protection and Rescue Service District, received by the district in connection with the transaction of its official business and furnished to the district by or for such employees, is subject to public inspection by any person desiring to do so pursuant to ss 119.01 and 119.07(1)(a), F.S., without the prior authorization of the affected employees; the provisions of s 455.241(2), F.S., do not apply to public records or the Public Records Law or operate to exempt medical information contained in public records from the provisions of ss 119.01 and 119.07(1)(a), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General