Mr. Leonard R. Mellon Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Mellon:
Thank you for considering this office as a source to determine if the Florida Police Benevolent Association on behalf of the law enforcement officers it represents may waive the confidentiality of an investigation of a complaint by the terms of a collective bargaining agreement with the State of Florida.
The collective bargaining agreement between the State of Florida and the Florida Police Benevolent Association provides that law enforcement employees subject to investigation shall be informed of each complaint and be permitted to review all written statements made by the complainant and witnesses immediately prior to an investigative interview.[1]
Section 112.532(1)(d), F.S., grants a law enforcement officer under investigation and subject to interrogation by members of his agency the right to "be informed of the nature of the investigation prior to any interrogation" and the right to "be informed of the name of all complainants." In AGO 86-26, this office concluded that the officer's right to be informed of the nature of the investigation requires only that he be informed of the "kind, sort, type, or general character of the investigation." The officer's right does not require affirmative disclosure of specific items of evidence or specific statements of complainants.[2]
I am not aware of any legislative action or judicial determination which would alter the conclusions reached in AGO 86-26.
Moreover, s. 112.533(2)(a), F.S., provides that a complaint filed against a law enforcement officer and all information obtained pursuant to the investigation of such complaint "shall be confidential until the conclusion of the internal investigation or at such time that the investigation ceases to be active without a finding relating to probable cause." After the investigation is concluded or ceases to be active, the complaint and all such information shall be open to inspection pursuant to Ch. 119, F.S.[3]
However, the complaint and information is available to law enforcement agencies and state attorneys in the conduct of a lawful criminal investigation before the investigation is concluded.[4]
The Legislature has provided that the complaint and all information obtained pursuant to the investigation are confidential, with the express provision that the law enforcement or correctional officer under investigation is to be informed of the nature of the investigation prior to any interrogation and of the name of all complainants.[5] There is no mechanism in Part VI, Ch. 112, F.S., allowing anyone to waive the confidentiality imposed upon the complaint and attendant investigation.[6]
Absent such a provision by the Legislature, I am unable to conclude that law enforcement officers or the Police Benevolent Association on their behalf have the ability to waive the confidentiality of the complaint and the information obtained as a result of the investigation of the complaint.
I trust that these comments are helpful in resolving your question. Should you need assistance in the future, please contact this office.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 1(C), Art. 7, Agreement, State of Florida, Florida Police Benevolent Association, Law Enforcement Bargaining Unit, provides that when an employee is to be questioned or interviewed concerning a complaint or allegation, the employee will be informed prior to the interview of the nature of the investigation and whether he is the subject of the investigation or a witness in an investigation; if the subject of an investigation, the employee will be informed of each complaint or allegation against him and be permitted to review all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview.
[2] Attorney General Opinion 86-26 concludes that an officer under investigation is not legally entitled to review evidence or specific statements of complainants prior to interrogation.
[3] Section 112.533(2)(a), F.S.
[4] Section 112.533(2)(c), F.S.
[5] Section 112.532(1)(d), F.S.
[6] Cf., Browning v. Walton, 351 So.2d 380 (4 D.C.A.Fla., 1977), in which the court concluded that a city could not make employee personnel files confidential upon the request of the employee.