Mr. Christopher M. Shulman City of Lake Worth Labor Attorney 7 North Dixie Highway Lake Worth, Florida 33460-3787
Dear Mr. Shulman:
On behalf of the City of Lake Worth, you ask the following questions:
1. May a municipality, which maintains employee personnel files that include notices of proposed and actual disciplinary action, remove and destroy disciplinary notices with the employee's consent, such as during the course of resolving collective bargaining grievances?
2. May a municipality do so without the employee's consent, such as when the disciplinary notice is "stale" (i.e., no longer relevant when considering present discipline or promotion, because of the lapse of time since issuance of the past disciplinary notice)?
3. If a municipality may not do either of these, may a municipality "seal" such disciplinary notices, exempting them from Ch. 119 public records requests?
In sum:
1. and 2. A municipality, which maintains employee personnel files that include notices of proposed and actual disciplinary action, may not remove and destroy disciplinary notices, with or without the employee's consent, during the course of resolving collective bargaining grievances, except in accordance with the retention schedule adopted by the municipality and with the consent of the Division of Library and Information Services of the Department of State.
3. A municipality does not have the authority to "seal" such disciplinary notices, thus removing such notices from disclosure under the Public Records Law.
As your questions are interrelated, they will be answered together.
Section 119.01, Florida Statutes, states that it is the policy of this state that "all state, county, and municipal records shall at all times be open for a personal inspection by any person." This policy was reaffirmed with the 1992 adoption of a constitutional amendment stating:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.[1]
This constitutional guarantee of access to public records specifically applies to "the legislative, executive and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution."[2]
The Legislature is permitted to provide by general law for the exemption of records from the above requirements of access and to enact laws governing the enforcement of the constitutional provision, including the maintenance, control, destruction, and disposal of records made public by this section.[3]
Pursuant to section 119.07(1), Florida Statutes, every person "who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those records that are provided by law to be confidential or that are prohibited from being inspected by the public are exempt from disclosure.[4] Moreover, the courts and this office have stated that the legislative scheme of Chapter 119, Florida Statutes, has preempted local regulation on this subject.[5] Thus, a municipality has no discretion to alter the terms of Chapter 119.
In the absence of the Legislature exempting an agency's employee records from disclosure or expressly authorizing an agency to adopt rules limiting access to such records, employee personnel records of an agency are subject to public inspection. The courts have rejected claims that constitutional privacy interests shield agency personnel records, including grievance records, from disclosure.[6] In addition, the courts have refused to deny access to personnel records based upon claims that the release of such information would prove embarrassing to the employee.[7]
The release of the information does not depend upon the consent of the employee.[8] The courts have rejected the notion that an agency can bargain away its duties under the Public Records Law with promises of confidentiality.[9]
Recently in Attorney General Opinion 94-54, this office concluded that in the absence of a statutory exemption for such records, a city may not through collective bargaining agree to remove references to the initial proposed disciplinary action in an employee's personnel file when a settlement agreement results in a reduced disciplinary action. This office also stated that absent statutory authority, a city may not agree through collective bargaining to remove counseling slips and written reprimands from an employee's personnel file and maintain such documents in a separate disciplinary file.
I am not aware of, nor have you advised this office of, any statute exempting the notices of proposed or actual disciplinary action in the city personnel files from disclosure or otherwise authorizing the city to remove such notices at its discretion. In the absence of such provisions, the notices regarding disciplinary action would appear to be subject to disclosure under Chapter 119, Florida Statutes, and may not be removed from disclosure or destroyed except as provided by statute.
Section 119.01(2), Florida Statutes, requires agencies to establish a program for the disposal of records without sufficient legal, fiscal, administrative, or archival value pursuant to the retention schedules established by the records and information management program of the Division of Library and Information Services (division) of the Department of State (department).
It is the division that is responsible for the establishment and administration of a records management program as well as for the operation of a record center(s) for the storage, processing, servicing, and security of public records that need not be retained in an agency's office equipment or space.[10] Section257.36(6), Florida Statutes, directs agencies to submit to the division a list or schedule of records not needed in the transaction of current business and without sufficient administrative, legal, or fiscal significance to warrant further retention by the division. Pursuant to section 257.36(7), Florida Statutes, "[n]o record shall be destroyed or disposed of by any agency unless approval of the division is first obtained."
Accordingly, I am of the opinion that a municipality, which maintains employee personnel files that include notices of proposed and actual disciplinary action, may not remove and destroy disciplinary notices, with or without the employee's consent, during the course of resolving collective bargaining grievances, except in accordance with the retention schedule adopted by the municipality and with the consent of the Division of Library and Information Services of the Department of State. Nor does the municipality, in the absence of a statute so providing, have the authority to "seal" such disciplinary notices, exempting them from disclosure under the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Article I, s. 24(a), Fla. Const. 
[2] Id.
[3] Article I, s. 24(c), Fla. Const. Laws enacted pursuant to this subsection may only contain exemptions from the access provisions of this section and provisions governing the enforcement of the section and shall relate to one subject. Any general law exempting records or meetings is required to state with specificity the public necessity justifying the exemption and to be no broader than necessary to accomplish the stated purpose of the law.
[4] See, s. 119.011(1), Fla. Stat. (1993), defining "Public records," and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980) (the term "public records" encompasses materials made or received by an agency in the transaction of its official business). Wait v. Florida Power 
Light Company, 372 So.2d 420 (Fla. 1979) (only those public records made confidential by statutory law and not those documents that are confidential or privileged only as a result of judicial decision or declaration of public policy are exempt from the disclosure provisions of Chapter 119, Florida Statutes).
[5] See, e.g., Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company,105 S.Ct. 2315; Ops. Att'y Gen. Fla. 75-50 (1975) and 92-9 (1992).
[6] See, Michel v. Douglas, 464 So.2d 545 (Fla. 1985) (state constitution does not provide a right of privacy in public records); Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981) (grievance records subject to disclosure).
[7] See, News-Press Publishing Company v. Wisher, 345 So.2d 646,648 (Fla. 1977) ("No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's failure to perform his or her duties properly").
[8] See, Browning v. Walton, 351 So.2d 380 (Fla. 4th DCA 1977), in which the court held that a city could not refuse to allow inspection of its records containing the names and addresses of city employees who had filled out forms requesting that the city maintain the confidentiality of their personnel files. See also, Times Publishing Company, Inc., v. City of St. Petersburg,558 So.2d 487 (Fla. 2d DCA 1990) (city not authorized to keep negotiation documents confidential as requested by private entity involved in bargaining process with city); Gadd v. News-Press Publishing Company, Inc., 412 So.2d 894 (Fla. 2d DCA 1982) (records of county hospital's utilization review committee not exempt from disclosure under Public Records Law even though information may have come from sources who expected or were promised confidentiality). And see, Tribune Company v. Cannella, supra at 1078, in which the Court rejected the imposition of an automatic delay in the production of personnel records in order to notify the employee, stating that the Public Records Law "does not provide that the employee be present during the inspection, nor even that the employee be given notice that an inspection has been requested or made."
[9] See, The Tribune Company v. Hardee Memorial Hospital, No. CA 91-370 (Fla. 10th Cir. August 19, 1991) (confidentiality provision in settlement agreement that resolved litigation against a public hospital did not remove the document from the Public Records Law); Florida Sugar Cane League, Inc. v. Florida Department of Environmental Regulation, No. 91-2108 (Fla. 2d Cir. Ct. September 20, 1991), stating that an agency is not authorized to create a "self-exemption" with a promise to third parties to keep records from disclosure to the public).
[10] See, s. 257.36, Fla. Stat. (1993). And see, s. 257.36(5), Fla. Stat. (1993), defining "agency" to include any state, county, or municipal officer, department, division, bureau, board, commission, or other separate unit of government created or established by law.