PER CURIAM.
Appellant sought a writ of mandamus compelling appellees to comply with Florida’s Public Records Act. We affirm the trial court’s denial of the petition and adopt the trial court’s order, reproduced below, as our opinion:

ORDER DENYING PLAINTIFF’S MOTION FOR A WRIT OF MANDAMUS

THIS MATTER came before the Court upon the request of Plaintiff for the issuance of a writ of mandamus directed to Defendants pursuant to § 119.11 of the Florida Statutes, Fla. R. Civ. P. 1.680 and Fla. R.App. P. 9.030(c)(3). An evidentiary hearing was conducted. Upon considering the evidence presented, the argument of counsel and otherwise being duly advised in the premises, it is hereby
ORDERED AND ADJUDGED as follows:
Plaintiff is a police officer with the City of West Palm Beach Police Department (“Department”). On October 8, 1996, Lieutenant Ronald A. Kirkman, also a police officer with the Department, was involved in an internal affairs investigation. On that date, Lt. Kirk-man had a conversation with Plaintiff during which Plaintiff orally requested a copy of the personal history questionnaire relative to Officer Brian Arlotta. Lt. Kirkman had possession of the document at the time of the request. The document was not provided to Plaintiff at that time. However, the unrebut-ted evidence demonstrated that the requested document was part of the background investigation folder of officers with the Department. The evidence further demonstrated that Sergeant Michael Cerbone was the individual designated by the statutorily appointed officer to maintain custody of the requested document. No evidence was presented to indicate that Lt. Kirkman had any power to release or communicate relative to the document, nor that he had any supervisory control or legal responsibilities for keeping or guarding the document. Plaintiff did not request a copy of this particular document from any other person within the Department. Rather, he initiated the present action under Chapters 119 of the Florida Statutes contending that Defendants wrongfully withheld a public document from him. [footnotes omitted]
Section 119.07(l)(a) of the Florida Statutes provides that:
Every person who has custody of a public record shall permit the record to be in- *1361 speeted and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian’s designee.
The court finds that Plaintiffs oral request to Lt. Kirkman was not a request to a “person who has custody of a public record” within the meaning of the statute.
It has been recognized that the term custodian under the Public Records Act refers to all agency personnel who have it within their power to release or communicate public records. Williams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA 1991). In order to have custody, one must have supervision and control over the document or have legal responsibility for its care, keeping or guardianship. See Thumfart v. Lombard, 613 So.2d 286, 290 (La.Ct.App.1993); LeBlanc v. Hullinghorst Indus., Inc., 542 So.2d 642, 645 (La.Ct.App.1989); Connie’s Constr. Co., Inc. v. Fireman’s Fund Ins. Co., 227 N.W.2d 207, 210 (Iowa 1975). There was no evidentiary showing that Lt. Kirkman had custody of the document within the meaning of the statute. The mere fact that an employee of a public agency temporarily possesses a document does not necessarily mean that the person has custody as defined by section 119.07. This conclusion is buttressed by a review of section 119.07(2)(a) of the Florida Statutes where the legislature provided that “[a] person who has custody of a public record” and who asserts a statutory exception shall delete or excise the protected portion. The legislature’s use of the phrase “[a] person who has custody of a public record” in both subsection (l)(a) and subsection (2)(a) of the same statute indicates that the legislature was referring to the same individuals in both subsections. It is apparent that only a person with either power to release a document, legal responsibility for the care of the document or having supervisory control of the document would be in a position to assert an exemption to all or a portion of the content of the document. An individual who is in mere possession of the document on a .temporary basis to fulfill some other agency duty or responsibility could not reasonably be expected to be in a position to assert an exemption. Thus, the Court concludes that Lt. Kirkman’s mere temporary possession of the requested document for an internal affairs hearing does not, without more, render him a person in custody of the document for purposes of the Public Records Act.
Plaintiffs reliance upon the Court’s decision in Puls v. City of Port St. Lucie, 678 So.2d 514 (Fla. 4th DCA 1996), is misplaced. The Court in Puls merely held that a request for records need not be served on the statutorily designated custodian, or his or her designee, in order to state a cause of action for violation of the Act. Rather, the Court recognized that a claim could be asserted against any person having “custody” of the public record who failed to produce it upon request. This Court is not holding that a public record’s request must be made upon the statutorily designated custodian or his designee. Rather, this Court finds that Lt. Kirkman, upon whom the request was made, did not have custody of the requested document within the meaning of the statute.
Lastly, there was no evidence presented to indicate that the requested document was placed in the hands of Lt. Kirkman or some other person for the purpose of attempting to avoid or circumvent the City’s statutory duty to produce the record.
Based upon all the foregoing, Plaintiffs petition for writ of mandamus is denied. The order is without prejudice to Plaintiff submitting a request upon one having custody of the document.
Affirmed.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.