Mr. John F. Bennett Belle Isle City Attorney 170 East Washington Street Orlando, Florida 32801-2397
Dear Mr. Bennett:
On behalf of the Belle Isle City Council, Mayor and Clerk, you ask substantially the following question:
May mail addressed to the mayor or a city council member at City Hall and received at City Hall be forwarded unopened to the private residence of the mayor or council member?
According to your letter, mail received at City Hall addressed to the mayor or one of the city council members has in the past been opened by staff, copied, and then forwarded to the named addressee at their home address. Since council members do not have offices at City Hall and do not go to City Hall on a regular basis, you state that forwarding the mail to their homes allows for a more timely review of the correspondence. A change has been requested to have all such mail sent directly to the mayor's or council member's residence unopened and with no copy made of the correspondence. Concern about the public records law and the need to maintain public records, however, has prompted your inquiry. You state that the issue is not whether the mail constitutes a public record, but rather whether the physical custody of what is a public record must be maintained at city offices once it has been received at City Hall in the normal course of business.
Access to public records is currently guaranteed by Article I, section 24, of the Florida Constitution, which generally establishes a right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, and by Florida's Public Records Law, Chapter 119, Florida Statutes.[1] Chapter 119 requires that every person having custody of public records must permit them to be inspected at reasonable times and under reasonable conditions and shall furnish copies of each record upon payment of the fees prescribed by law.[2]
In order to assure public access, section 119.031, Florida Statutes, states that "[a]ll public records should be kept in the buildings in which they are ordinarily used."[3] The statute recognizes the necessity of removing such records only when they are in need of repair or restoration and upon authorization by the head of the governmental agency responsible for such records.[4]
In Attorney General Opinion 93-16, this office relied on the above provisions to conclude that the Public Records Law does not authorize the removal of public records from the building or office in which they are ordinarily used for other than such official purposes as repair or storage. The removal of such public records for other than officially sanctioned purposes would not satisfy the public access requirement of Chapter 119, Florida Statutes. Moreover, this office stated that the retention of such records in the home of an official would produce a chilling effect on the rights of the public to examine and copy such records. Thus, this office concluded that public records may not be retained in the private residences of public officials.
Similarly, the removal of letters that constitute public records after they are received at City Hall by forwarding such letters unopened to the mayor or a city commissioner at their personal residences would appear to have a chilling effect on the public's right to examine and copy such records, and would raise questions as to the retention and maintenance of such records.[5] By maintaining the original or a copy thereof at City Hall, the city would ensure public access to such records.
Accordingly, in light of the Public Records Law's mandate that records be available for public inspection and copying, I am of the opinion that mail addressed to the mayor or a city council member at City Hall and received at City Hall should not be forwarded unopened to the private residence of the mayor or council member, but rather the original or a copy of the mail that constitutes a public record should be maintained at city offices.[6]
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Art. I, s. 24, Fla. Const., which provides in pertinent part:
"(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government . . ."
[2] See s. 119.011(1), Fla. Stat., defining "Public records." Effective October 1, 2004, the definition of "Public records" will be contained in s. 119.011(11), see s. 3, Ch. 04-335, Laws of Fla. And see Shevin v. Byron, Harless, Schaffer, Reid andAssociates, Inc., 379 So.2d 633 (Fla. 1980), which interpreted the statutory definition to encompass all materials made or received by an agency in connection with official business which are used to perpetuate, communicate, or formalize knowledge; andState v. City of Clearwater, 863 So.2d 149 (Fla. 2003), concluding that email stored in a computer can be public records provided such email is made or received pursuant to law or ordinance or in connection with the transaction of official business; however, email not made or received in connection with the transaction of official business, although contained on a public agency's computer, is not a public record.
[3] Note that effective October 1, 2004, section 119.031 is repealed, see s. 6, Ch. 04-335, Laws of Fla.; this language will be contained in s. 119.021(1)(a), see s. 5, Ch. 04-335, supra.
[4] Section 119.031, Fla. Stat. provides in part that "[w]henever any state, county, or municipal records are in need of repair, restoration, or rebinding, the head of such state agency, department, board, or commission, the board of county commissioners of such county, or the governing body of such municipality may authorize that such records be removed from the building or office in which such records are ordinarily kept for the length of time required to repair, restore, or rebind them." After October 1, 2004, this language will be contained in s.119.021(1)(c)2., see s. 5, Ch. 04-335, supra.
[5] See s. 257.36(6), Fla. Stat., which provides that "[a] public record may be destroyed or otherwise disposed of only in accordance with retention schedules established by the division [of Library and Information Services of the Department of State]." and s. 257.36(1)(a), Fla. Stat., making it the responsibility of the division to "[e]stablish and administer a records management program directed to the application of efficient and economical management methods relating to the creation, utilization, maintenance, retention, preservation, and disposal of records." And see s. 119.041(1), Fla. Stat., providing in part that "[e]very public official shall systematically dispose of records no longer needed, subject to the consent of the records and information management program of the Division of Library and Information Services of the Department of State in accordance with s. 257.36." Effective October 1, 2004, substantially the same language will be contained in s. 119.021(2)(c), see s. 5, Ch. 04-335, Laws of Fla., and s. 119.041 is repealed, see s. 6, Ch. 04-335, supra.
[6] You also inquire as to the clerk's responsibility to maintain the mail addressed to the mayor or city council members. This office has suggested that policies and procedures should be established by charter, ordinance or rule for the handling of official mail. See Inf. Op. to Mayor Harold M. Paxton, Jr., dated March 19, 1996. Section 119.021, Florida Statutes, provides that the elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his or her designees, shall be the custodian of the public records. This statute, however, does not alter the "duty of disclosure" imposed by section 119.07(1), Florida Statutes, on "[e]very person who has custody of a public record."Puls v. City of Port St. Lucie, 678 So.2d 514 (Fla. 4th DCA 1996) (emphasis omitted). Thus, the term "custodian" for purposes of the Public Records Law refers to all agency personnel who have it within their power to release or communicate public records.Mintus v. City of West Palm Beach, 711 So.2d 1359 (Fla. 4th DCA 1998), citing Williams v. City of Minneola, 575 So.2d 683, 687
(Fla. 5th DCA 1991). But, "the mere fact that an employee of a public agency temporarily possesses a document does not necessarily mean that the person has custody as defined by section 119.07." Id. Rather, one must have supervision and control over the document or have legal responsibility for its care, keeping or guardianship. Id. Cf. Alterra HealthcareCorporation v. Estate of Shelley, 827 So.2d 936, 940n.4 (Fla. 2002) (only the custodian of agency personnel records may assert any applicable statutory exemption to disclosure; not the employee). Note that effective October 1, 2004, the definition of custodian will no longer be contained in s. 119.021 but will be designated as s. 119.011(5), see ss. 3 and 5, Ch. 04-335, Laws of Fla.