Dear Mr. Salzman:
On behalf of the Indian Rocks Beach City Commission, you ask substantially the following question:
Are e-mails sent by city commissioners that contain undisclosed or blind recipients and their e-mail addresses public records subject to disclosure and how should such records be maintained?
This office has stated that e-mail messages made or received by agency employees or officials in connection with official business are public records and are subject to disclosure in the absence of an exemption.[1] In Attorney General's Opinion 96-34, this office was asked to determine whether e-mail messages between employees of the property appraiser's office or to other governmental agencies should be considered public records. The opinion noted that the definition of "public records" is a comprehensive and all encompassing one and applies to all material regardless of its physical form or characteristics.[2]
Further, the Legislature amended the definition of "public records" in 1995 to include records made or received in connection with official business as a public record regardless of the "means of transmission," thus indicating an intent to include information transmitted by computer.[3]
Thus, an email sent by a city commissioner in connection with the transaction of official business would be a public record within the definition of section 119.011, Florida Statutes. The fact that the e-mail was sent to an undisclosed or blind recipient does not remove the email or the e-mail addresses contained therein from the public records law. The determination as to when public records are confidential or exempt rests with the Legislature, not with the maker or sender of such records.[4] To permit a public official to remove from disclosure the e-mail or e-mail contained therein by including undisclosed or blind recipients would allow the official or sender of the e-mail to dictate the circumstances under which the record may be deemed confidential, rather than the Legislature. Such a result would contravene the purpose and terms of the Public Records Law, Chapter 119, Florida Statutes.
Thus, e-mails sent by city commissioners in connection with the transaction with official business that are intended to communicate, perpetuate or formalize knowledge of some type are public records even though such e-mails contain undisclosed or blind recipients and their e-mail addresses and are subject to disclosure in the absence of a statutory exemption.
You also inquire about how to maintain and respond to a request for such records. Section 119.07(1)(a), Florida Statutes, provides that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." Section 119.011(5), Florida Statutes, defines the term "custodian of public records" to mean "the elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his or her designee." The courts, however, have stated that the statutory reference to the records custodian does not alter the "duty of disclosure" imposed by section 119.07(1) on every person who has custody of a public record.[5]
Section 119.021, Florida Statutes, prescribes the manner in which a custodian of public records must maintain and preserve public records, including requiring an agency entitled to custody of public records to demand them from persons who have illegal possession of the records.[6] Although the Public Records Law does not prescribe a location at which public records must be maintained, it does suggest that such records be kept where they are ordinarily used. Section119.021(1), Florida Statutes, provides in part:
"(a) All public records should be kept in the buildings in which they are ordinarily used.
(b) Insofar as practicable, a custodian of public records of vital, permanent, or archival records shall keep them in fireproof and waterproof safes, vaults, or rooms fitted with noncombustible materials and in such arrangement as to be easily accessible for convenient use."[7]
Section 119.021(2), Florida Statutes, provides for the Division of Library and Information Services of the Department of State to adopt rules governing retention schedules and a disposal process for public records.[8] The division has promulgated rules for the retention of electronic records.[9] The procedures within any given agency, however, for responding to a request for public records, consistent with the statutory mandates established in Chapter 119, Florida Statutes, are matters that must be resolved by that agency and not by this office.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] See, e.g., Ops. Att'y Gen. Fla. 01-20 (2001), 96-34 (1996).And see In re Amendments to Rule of Judicial Administration 2.051— Public Access to Judicial Records, 651 So. 2d 1185, 1187 (Fla. 1995), in which the Florida Supreme Court noted:
The fact that information made or received in connection with the official business of the judicial branch can be made or received electronically does not change the constitutional and rule-mandated obligation of judicial officials and employees to direct and channel such official business information so that it can be properly recorded as a public record. The obligation is the same whether the information is sent as a letter or memo by hard copy or as an e-mail transmission. Official business e-mail transmissions must be treated just like any other type of official communication received and filed by the judicial branch.
[2] See s. 119.011(11), Fla. Stat., defining "Public records" to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."And see Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So. 2d 633 (Fla. 1980), in which the Florida Supreme Court stated that the statutory definition encompasses all materials made or received by an agency in connection with official business that are used to perpetuate, communicate, or formalize knowledge.
[3] See, s. 6, Ch. 95-296, Laws of Florida. And see, s. 5, Ch. 95-296,supra, amending s. 119.01, Fla. Stat., to state that "providing access to public records is a duty of each agency and that automation of public records must not erode the right of access to those records."
[4] Cf. Gadd v. News-Press Publishing Company, 412 So. 2d 894 (Fla. 2nd DCA 1982) (records of a utilization review committee of a county hospital not exempt from Ch. 119, Fla. Stat., even though the information may have come from sources who expected or were promised confidentiality); Browning v. Walton, 351 So. 2d 380 (Fla. 4th DCA 1977) (city cannot refuse to allow inspection of records containing the names and addresses of city employees who have filled out forms requesting that the city maintain the confidentiality of all material in their personnel files); Sepro Corporation v. Florida Department ofEnvironmental Protection, 839 So. 2d 781 (Fla. 1st DCA 2003), reviewdenied sub nom., Crist v. Department of Environmental Protection,911 So. 2d 792 (Fla. 2005) (private party cannot render public records exempt from disclosure merely by designating as confidential material it furnishes to a state agency); Op. Att'y Gen. Fla. 71-394 (1971) (reports received by an agency and marked "confidential" or "return to sender" must be open to public inspection unless exempted from disclosure by the Legislature).
[5] See Puls v. City of Port St. Lucie, 678 So. 2d 514 (Fla. 4th DCA 1996). Cf. Mintus v. City of West Palm Beach, 711 So. 2d 1359, 1361
(Fla. 4th DCA 1998), in which the court stated that in order to have custody of a public record, one must have supervision and control over the document or have legal responsibility for its care, keeping, or guardianship.
[6] Section 119.021(1) and (4), Fla. Stat.
[7] And see, Op. Att'y Gen. Fla. 93-16 (1993), in which it was concluded that, pursuant to Ch. 119, Fla. Stat., public records may routinely be removed from the building or office in which such records are ordinarily kept only for official purposes. The specific facts of that case involved the retention of public records in the home of a public official which this office suggested might constitute a violation of the Public Records Law.
[8] Section 119.021(2)(a) and (b), Fla. Stat. And see s. 119.021(2)(d) (division shall give advice and assistance to public officials to solve problems related to preservation, creation, filing, and public accessibility of public records in their custody).
[9] See, Rule 1B-26.003, Fla. Admin. C., entitled "Electronic Recordkeeping."